69 F.3d 533
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred SHORES Jr., Plaintiff-Appellant,
v.
W.R. John FOSTER; James J. Coman; H. Dean Bowman; John H.
Waters; Rebel Good; The Tribune; Amanda Jane
Durham Edwards; Lacy H. Thornburg,
Defendants-Appellees.
 No. 95-7277.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 12, 1995.
Decided Oct. 30, 1995.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Chief District Judge. (CA-94-97-5)
 Fred Shores, Jr., Appellant Pro Se.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders accepting the recommendation of the magistrate judge and dismissing this civil rights action pursuant to 28 U.S.C. Sec. 1915(d) (1988) and denying his motions for reconsideration. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court.
 
 
 2
 We note that after the district court dismissed Appellant's complaint, the Supreme Court addressed the propriety of challenging criminal convictions through civil tort actions in Heck v. Humphrey, 62 U.S.L.W. 4594 (U.S.1994). The Supreme Court held that civil tort actions, such as the one Appellant pursues here, are not "appropriate vehicles" for challenges to outstanding criminal judgments. Id. at 4596. Because a judgment in favor of Appellant in this 42 U.S.C. Sec. 1983 (1988) action for damages would "necessarily imply the invalidity of his conviction," his claim is not cognizable unless and until the conviction has been reversed, expunged, declared invalid or called into question by the issuance of a federal writ of habeas corpus. Id. at 4597. Appellant has failed to allege such an infirmity. Accordingly, we find that the district court did not err in dismissing the complaint and did not abuse its discretion in declining to reconsider the order. We also note that the district court did not abuse its discretion in declining to consider potential state law claims nearly buried in the mountains of Appellant's pleadings. See 28 U.S.C.A. Sec. 1367(c) (West 1993); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED